STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 05-1310


THERESA C. WEEKS

VERSUS

BYRD MEDICAL CLINIC, INC., ET AL.


**********


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 61,408
HONORABLE JOHN C. FORD, DISTRICT JUDGE


**********


BILLY HOWARD EZELL
JUDGE


**********


Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.


**AFFIRMED.**


Frederick Bernard Alexius
Jeremy C. Cedars
Provosty, Sadler, deLaunay, Fiorenza & Sobel
P. O. Drawer 1791
Alexandria, LA 71309-1791
(318) 445-3631
Counsel for Defendant/Appellee:
National Healthcare of Leesville, Inc. d/b/a
Byrd Regional Hospital

**Gary M. Cooper**
**Attorney at Law**
**8480 Bluebonnet Blvd., Suite D**
**Baton Rouge, LA 70810**
**(225) 763-9998**
**Counsel for Plaintiff/Appellant:**
**Theresa C. Weeks**

**EZELL, JUDGE.**

Theresa Weeks appeals the granting of summary judgment in favor of National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital. Ms. Weeks' mother fell and broke her hip while a patient at Byrd Hospital. In granting the motion for summary judgment, the trial court ruled that Ms. Weeks presented no evidence that the procedures and policies developed by Byrd Hospital did not meet the required standard of care.

## FACTS

Ms. Weeks' mother, Goldia Neystel, was transferred from Many Hospital to the senior care unit at Byrd Hospital on February 25, 1997, due to psychotic and schizophrenia problems. On intake, it was noted that she was a high risk for falls. This risk was increased by the fact that the great toe on her left foot had been amputated. Ms. Neystel was listed as a patient requiring specialist precautions II. This type of patient required that the nursing staff observe and make contact with the patient at least every fifteen minutes.

In the early morning hours of March 18, 1997, Ms. Neystel fell while attempting to get out of bed to use her bedside commode. As a result of the fall, she fractured her right hip. The next day, she was transferred to a hospital in Baton Rouge at the request of her daughter. Ms. Neystel died on March 21, 1997.

Ms. Weeks filed suit against Byrd Hospital and other parties. She alleged that Byrd Hospital was negligent in its care of Ms. Neystel and that it breached the appropriate standard of care owed to her.

On March 25, 2004, Byrd Hospital filed a motion for summary judgment which was heard on July 12, 2004. Judgment was signed on February 9, 2005, granting summary judgment in favor of Byrd Hospital and dismissing Ms. Weeks' claim

1

against it.  Ms. Weeks appeals.

## SUMMARY JUDGMENT

Ms. Weeks appeals the summary judgment dismissal of Byrd Hospital, arguing that there is evidence in the record which indicates that the employees were negligent in their care of Ms. Neystel by failing to follow policies and procedures.  She relies on the deposition testimony of Dr. Frank Covington, Ms. Neystel's treating psychiatrist.

Grants of summary judgment are reviewed by the appellate courts *de novo*, using the same criteria that the trial court used in determining whether summary judgment was appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.  *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773.  Louisiana Code of Civil Procedure Article 966(C)(2) provides that the mover bears the initial burden of proof.  If the mover meets the initial burden, the burden then shifts to the plaintiff to establish that she will be able to satisfy the evidentiary burden at trial.  *Champagne*, 893 So.2d 773.  If the plaintiff fails to meet this burden, there is no genuine issue and the mover is entitled to summary judgment.  *Id*.

A genuine issue of material fact exists where reasonable persons, after considering the evidence, could disagree.  *P. Charles Calahan, APLC v. Scottsdale Ins. Co.*, 05-98 (La.App. 3 Cir. 6/1/05), 903 So.2d 1251(*quoting Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 04-1460, 04-1466, p. 11 (La. 4/12/05), 907 So.2d 37, 48).  "'A fact is 'material' if it is one that would matter at trial on the merits.'" *Id*. at 1260.

In written reasons for judgment the trial court ruled that "[p]laintiff . . . presented no evidence that the procedures and policies developed by Byrd Hospital

2

did not meet the required standard of care." The court further stated that:

> The only evidence of a deviation from the standard of care was the hearsay statement of Goldia Neystel that nurses failed to respond timely to her signal for assistance. The hospital records do not corroborate this statement. No evidence was presented which would indicate the statement would be admitted under an exception to the hearsay rules.

Byrd Hospital claims that the record establishes that it complied with the orders of Dr. Covington that Ms. Neystel be checked every fifteen minutes. It argues that Ms. Weeks has not produced any medical evidence that it deviated from the standard of care and that a deviation caused the injuries or death of Ms. Neystel.

On the other hand, Ms. Weeks argues that she does not need any expert testimony to establish the standard of care required of Byrd Hospital, as recognized by the trial court. She claims that Dr. Covington's deposition, taken on July 23, 2003, over six years after Ms. Neystel's fall, establishes a breach of the standard of care required of Byrd Hospital. Ms. Weeks relies on Dr. Covington's deposition testimony that Ms. Neystel told him, on the morning after her fall, that she had attempted to call the staff on several occasions to help her. She could not wait, so she got up and fell at the bedside. Ms. Weeks also relies on his statement that a nurse had told him that a nurse from the unit had been pulled to another floor during the night. Dr. Covington did not identify any specific nurse that made this statement and was not sure of the number of nurses that would work the night shift.

We agree that there are cases of obvious negligence in which medical malpractice plaintiffs need not introduce expert testimony to satisfy their burden of proof. *Thomas v. Southwest Louisiana Hosp. Ass'n.*, 02-645 (La.App. 3 Cir. 12/11/02), 833 So.2d 548, *writ denied*, 03-476 (La. 4/25/03), 842 So.2d 401(*citing Pfiffner v. Correa*, 94-924, 94-963, 94-992 (La. 10/17/94), 643 So.2d 1228). These cases include amputation of the wrong limb, leaving medical equipment inside the

3

patient, or dropping knives or acid on the patient. *Id*. "The mere fact that an injury occurs or an accident happens raises no presumption or inference of negligence on the part of the hospital." *Galloway v. Baton Rouge Gen. Hosp.*, 602 So.2d 1003, 1008 (La.1992)(*quoting Galloway v. Baton Rouge Gen. Hosp.*, 583 So.2d 1169, 1173 (La.App. 1 Cir. 1991)). However, the supreme court further noted that "'[i]t is the hospital's duty to protect a patient from dangers that may result from the patient's physical and mental incapacities as well as from external circumstances peculiarly within the hospital's control'." *Galloway*, 602 So.2d at 1008 (*quoting Hunt v. Bogalusa Community Med. Ctr.*, 303 So.2d 745, 747 (La.1974))(alteration in orginal).

Byrd Hospital argues that this testimony relied on by Ms. Weeks to establish a breach of the standard of care is inadmissible hearsay testimony that would not be admissible at trial. It claims that this does not create a genuine issue of material fact. We agree.

It is clear that both statements of Dr. Covington relied upon by Ms. Weeks are hearsay testimony pursuant to La.Code Evid. art. 801. Ms. Weeks argues that the statement made by her mother to Dr. Covington is admissible as a statement for the purpose of medical treatment and diagnosis pursuant to La.Code Evid. art. 803(4). Comments to Exception(4)(b) provide that this subsection "has been interpreted to limit the scope of this exception to the kind of statements that are usually relied upon by physicians in their diagnosis and treatment of patients." It further provides that "statements as to the cause of a condition not reasonably pertinent to diagnosis or treatment of it are not within the ambit of this exception." Ms. Neystel's statements to Dr. Covington as to how she fell have nothing to do with the diagnosis or treatment of her condition and are therefore inadmissible.

4

We have thoroughly reviewed the record and evidence in the case and agree with the trial court that there is no evidence that Byrd Hospital breached any standard of care owed to Ms. Neystel. Records indicate that she was checked on every fifteen minutes. Evidence did establish that the call button was answered when Ms. Neystel used it on previous occasions. The nursing home records even indicate she was encouraged to use the call button.

For these reasons, we affirm the summary judgment rendered in favor of National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital. Costs of this appeal are assessed to Theresa Weeks.

**AFFIRMED.**